IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JANICE M. SCHWARZMEIER,

    Plaintiff(s),

v.

ALLEGHENY COUNTY JAIL, OFFICER
MICHAEL MANUEL, SERGEANT PHILLIP
CESTRA,

    Defendant(s).

09cv0818
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION

Before the Court is defendants' Motion for Summary Judgment filed pursuant to Fed. R. Civ. P. 56 (doc. no. 37). Plaintiff, Janice M. Schwarzmeier, claimed defendants, Allegheny County, Allegheny County Jail, Officer Michael Manuel, and Sergeant Phillip Cestra, harassed and discriminated against her because of her race, gender, and age, and then retaliated against her when she opposed said treatment. Plaintiff sued defendants under Title VII of the Civil Rights Act of 1991, 42 U.S.C. §§ 2000(e) *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S.A. § 951 *et seq*. She also raised several state law tort claims. See Amended Complaint at doc. no. 7.

Plaintiff's Amended Complaint alleged defendants subjected her to "a continuous and ongoing hostile work environment, subject to disparate treatment, harassment, humiliation and discrimination" based on her sex and/or gender. Doc. no. 7. Plaintiff's Amended Complaint outlined several discrete events in her Complaint which she claims exemplify this discrimination, disparate treatment, and hostile work environment. *Id.* After defendants answered plaintiff's Amended Complaint, the parties engaged in discovery.

Defendants now move this Court to enter judgment in its favor on the following bases: (1) plaintiff's discrimination and harassment claims fall outside the applicable statute of limitations; (2) plaintiff failed to establish a *prima facie* case for disparate treatment under Title VII; and (3) there is no issue of material fact for a fact finder to consider with respect plaintiff's harassment claim.

After plaintiff failed to respond to defendants' Motion for Summary Judgment in a timely fashion (*i.e.* by July 12, 2010), this Court issued a Rule to Show Cause why summary judgment should not be granted and ordered plaintiff to respond to the Rule, or the Motion for Summary Judgment, by noon on July 16, 2010. On July 15, 2010, in response to the Rule, counsel for plaintiff filed a one sentence response to the Motion for Summary Judgment as follows: "Based on the pleadings, depositions, answers, interrogatories, admissions, affidavits and declarations, there is a genuine issue of material fact and summary judgment must denied." See doc. no. 41. This sort of response is essentially a non-response as it blatantly fails to comply with Fed. R. Civ. P. 56(c)(1)(B) and 56(e)(2).

Accordingly, this Court will grant defendants' Motion for Summary Judgment for the reasons that follow.

## I. BACKGROUND

Plaintiff, a 53-year old Caucasian woman, worked at the Allegheny County Jail since February 2, 1987 as a "floater". As a floater, plaintiff did not have an assignment with a steady shift. Plaintiff's Amended Complaint alleged harassment and discrimination based on her gender, age, and race as follows:

Beginning on or about 2003 and continuing to the present, defendants engaged in unlawful employment practices in violation of Title VII, the ADEA, and the PHRA. More specifically, Plaintiff alleged that on September 8, 2003, defendant Cestra sent a memo stating that only male officers could be "assigned to Commissary." Doc. No. 7, ¶15(a-e).

Plaintiff also alleged in her Amended Complaint that on September 29, 2005, she reported for work at the law library and was told by another officer named "Connie" that only male officers worked in the library. This matter escalated between the women and eventually, plaintiff's superior officer and her union representative became involved. Ultimately, plaintiff received a disciplinary letter which was placed in her personnel file concerning the incident. *Id*. at ¶15(f-j).

Plaintiff's Amended Complaint also alleged that a male officer, defendant Mike Manuel, had been overpaid $2,500 in overtime. When defendant Manuel was disciplined therefore, he blamed plaintiff, and began to use disparaging and foul language when he spoke to her. Plaintiff's Amended Complaint also indicated that management knew defendant Manuel subjected plaintiff to this harassing treatment, but did nothing to stop it. Plaintiff failed to allege when these events took place. *Id.* at ¶15(k-o).

In addition to the above complaints about defendant Manuel, plaintiff also described a physical altercation that occurred between her and defendant Manuel in 2006, as well as the events that transpired shortly after the altercation. *Id*. at ¶15(r-bb). The remaining allegations against defendant Manuel point out that he got a law library job that plaintiff wanted, he made "derogatory remarks" and gave her "intimidating looks" whenever he was near her, and he accused her in 2008 of making a hang-up phone call to him. *Id*. at ¶15(cc-ff).

Next, plaintiff's Amended Complaint asserts that in July of 2005, plaintiff obtained a Protection From Abuse order against Officer Dale Chapman, a co-worker whom she had dated. Plaintiff claims that although she reported that he had struck her while in the Jail, the management "did nothing." *Id.* at ¶15(p-q).

Finally, plaintiff's amended complaint alleges that her superior, defendant Cestra, "singled her out" by not allowing her to go to lunch with her co-workers and by "checking up on her" at her post. *Id.* at ¶15(ll-mm). She also claimed that "[b]eginning on or about 2003," defendant Cestra allowed two younger female officers to remain in an intake position, and when plaintiff questioned why, she was "yelled at and accused of trying to start trouble." *Id*. at ¶20(d). Presumably during this same time period, defendant Cestra also "scolded plaintiff if her hair was not tied back" but did not do so with respect to younger female officers. *Id*. at ¶20(i). Plaintiff also claimed another superior officer did not permit plaintiff to work in the female health department because "he wanted a younger black female" to work in that position. *Id.*, ¶20(e).

Plaintiff filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commissions ("PHRC"). By way of letter dated March 26, 2009, the EEOC dismissed the charges and issued plaintiff a right to sue letter. Discovery on these matters ensued, and defendants brought the instant Motion for Summary Judgment. After plaintiff missed the deadline to respond to the Motion for Summary Judgment, the Court issued a Rule to Show Cause why summary judgment should not be granted. At the Court's direction, plaintiff could, and did, file a "response" which consisted of a single sentence indicating that a genuine issue of material fact existed and concluded that summary judgment should not be granted.

4

## II. STANDARD OF REVIEW

Summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2).

When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party. Fed. R. Civ. P. 56(e)(2).

The Local Rules of Civil Procedure for the Western District of Pennsylvania also require the party opposing a summary judgment motion to file: (1) a Responsive Concise Statement of Material Facts which either admits or denies each fact contained in the moving party's Concise Statement of Material Facts, (2) the basis for any denial of a fact with the appropriate reference to the record, and (3) any additional material fact that is allegedly at issue and that the opposing party asserts is necessary for the Court to determine the Motion for Summary Judgment. LCvR 56(C)(1)(a-c). These Local Rules also indicate that alleged material fact set forth in the moving party's Concise Statement of Material Facts which are claimed to be "undisputed" will, "for the purpose of the deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party." LCvR 56(E). In addition, these Local Rules also expressly require that party's Memorandum in Opposition to summary judgment "must address applicable law and explain why there are genuine issues of material fact to be tried . . . ." LCvR 56(C)(2).

To demonstrate entitlement to summary judgment, defendant, as the moving party, is not required to refute the essential elements of the plaintiff's cause of action. Defendant needs only point out the absence or insufficiency of plaintiff's evidence offered in support of those essential elements. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Once that burden has been met, plaintiff must identify affirmative evidence of record that supports each essential element of his cause of action. If plaintiff fails to provide such evidence, then he is not entitled to a trial, and defendants are entitled to summary judgment as a matter of law. *Id.*

In summary, the inquiry under a Rule 56 motion is whether the evidence of record presents a genuine dispute over material facts so as to require submission of the matter to a jury for resolution of that factual dispute or whether the evidence is so one-sided that the movant must prevail as a matter of law. It is on this standard that the court has reviewed defendants' motion and plaintiff's response thereto.

### III. DISCUSSION

The filing of a charge with the EEOC and receipt of a notice of the right to sue are prerequisites to a civil action under Title VII. *Hicks v. Abt Assocs.*, 572 F.2d 960, 963 (3d Cir.1978). In order to proceed under Title VII in Pennsylvania, an employee has 300 days from the date of the occurrence of the discriminatory employment practice in which to file a charge with the EEOC. 42 U.S.C. § 2000e-5(e) (1988); *accord, Watson v. Eastman Kodak Co.*, 235 F.3d 851 (3d Cir. 2000)(holding that a charge of discrimination must be filed with the EEOC or PHRC within 300 days of the alleged discriminatory action).

It is undisputed that plaintiff filed her formal complaint with the EEOC on May 19, 2008. Therefore, per the statute, only those claims which occurred within 300 days prior to the filing (*i.e.* those that occurred after July 24, 2007) are actionable. Defendants seek summary judgment on all discrimination and harassment claims arising from incidents which took place before July 24, 2007.

As noted above, plaintiff failed to file a substantive response to defendants' Motion for Summary Judgment, and thereby failed to provide this Court with evidence of record or any argument. Although plaintiff's Amended Complaint alleged that all acts of harassment and discrimination predicated on her gender – even those that predated July 24, 2007[1] – were part of a continuing violation thereby entitling her to pursue the older claims under a continuing violation theory, such averments are insufficient at summary judgment. See, e.g., *Walsh v. Krantz*, No. 10-1217, 2010 WL 2724460 (3d Cir. July 12, 2010)(relying on F.R.Civ.P. 56(e)(2) to affirm grant of summary judgment where non-moving party failed "to go beyond his pleadings and allegations, and by affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"); and *Toussaint v. Good*, 335 Fed.Appx. 158, 159-60 (3d Cir. 2009) (failure to file opposition to motion for summary judgment led to grant in favor of moving party under Fed. R. Civ. P. 56(e)(2)).

By failing to provide this Court with nothing more than allegations set forth in its own Amended Complaint at this juncture of the litigation, summary judgment on plaintiff's gender-

---

[1] Plaintiff's Amended Complaint only made one specific allegation which post-dates July 24, 2007. She claimed that in February of 2008, defendant Manuel received a "hang-up phone call" and he reported the call to plaintiff's superior officer. Doc. no. 7, ¶ 15(ee). Plaintiff claimed that she was told to attend a hearing on this matter, the superior officer believed defendant Manuel and not her "because of her gender," and warned them both to stop behaving poorly, but took no other action. Doc. no. 7, ¶ 15(ff). These two subparagraphs comprise the entirety of the information concerning the one post-July 24, 2007 incident. Thus, according to the Amended Complaint, no adverse action was taken against plaintiff, and therefore, there is no actionable claim for this incident under Title VII.

based discrimination and harassment claims will be granted. See Fed. R. Civ. P. 56(e)(2) (. . . an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.); and generally, LCivR 56 (C) and LCivR 56(E).

In addition, although plaintiff also raised claims of age and reverse race discrimination in her Amended Complaint (see doc no. 7, ¶¶ 20, 24), she failed to pinpoint the time when these alleged discriminatory events occurred. Even if the Amended Complaint had set forth a date or dates for each of those alleged discriminatory events, those allegations would have been insufficient to preserve plaintiff's harassment or discrimination claims predicated on age or reverse race for the same reasons as more fully discussed above.

Next, defendants claim that plaintiff failed to establish a *prima facie* case for disparate treatment under Title VII. Defendants argue that plaintiff cannot meet prongs three and four under the test announced in *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). In *Burdine*, the Court held a plaintiff must show that: (1) she is a member of a class of persons protected by Title VII; (2) she either satisfactorily performed a job, or applied, or would have applied and was qualified for a job for which the employer was seeking applicants; (3) she was either disciplined or terminated from her current job despite her satisfactory performance, or rejected for the prospective position despite her qualifications; and (4) either other employees of another Title VII class were disciplined less severely than the plaintiff, or, after her rejection for a job or termination, the employer sought applications from individuals with qualifications no better than his or hers.

Again, this Court notes that plaintiff made no substantive response to this argument and her Amended Complaint falls short of describing a scenario as outlined and required by *Burdine*. As noted above, this Court is constrained to dismiss plaintiff's disparate treatment claim given that she has produced nothing other than self-serving allegations in her Amended Complaint in support of a disparate treatment claim. Without providing this Court with any evidence of record to contradict defendants' position and provide this Court with specific facts that would show a genuine issue for trial, this Court is constrained to grant defendants' motion.

Finally, defendants contend that there is no issue of material fact for a fact finder to consider with respect plaintiff's harassment claim. Again, given the lack of a response from plaintiff, this Court is constrained to agree.

## IV. CONCLUSION

Because the plaintiff failed to substantively respond to defendants' Motion for Summary Judgment, based on the foregoing law and authority, this Court will now grant defendants' Motion for Summary Judgment as to plaintiff's Title VII and ADEA claims.

In light of the fact that this Court has dismissed the Title VII and ADEA claims over which it had original jurisdiction, this Court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). Plaintiff's only remaining claims are her PHRA claims, an assault and battery claim, and an intentional infliction of emotional distress claim – all of which are grounded in state law. The State Courts are intimately familiar and regularly adjudicate claims of this nature. Accordingly, said state law claims are dismissed pursuant to 28 U.S.C. § 1367(c)(3), albeit without prejudice to plaintiff's ability to refile these claims in state court. Also, the dismissal of Plaintiff's PHRA and her tort claims without

prejudice should not work to plaintiff's disadvantage. See, 28 U.S.C. § 1367(d) (providing for at least a thirty-day tolling of any applicable statute of limitation after the claim is dismissed so as to allow plaintiff time to refile her state law claim in state court). An appropriate Order follows.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties